STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **E.N., S.S., and J.S.**

**No. 18-0525** (Mercer County 16-JA-222-DS, 16-JA-223-DS, and 16-JA-224-DS)

## MEMORANDUM DECISION

Petitioner Mother C.S., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's May 7, 2018, order terminating her parental, custodial, and guardianship rights to E.N., S.S., and J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joshua J. Lawson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances that negatively affected her ability to parent the children. Additionally, the DHHR alleged that petitioner's parental rights to two other children were previously involuntarily terminated. According to the DHHR, petitioner's prior terminations of parental rights were related to her drug abuse. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in March of 2017, and petitioner stipulated to the allegations of abuse and neglect contained in the petition. Accordingly, the circuit court adjudicated petitioner as an abusing parent. In June of 2017, the circuit court granted petitioner's motion for a post-adjudicatory improvement period over the DHHR's objection. The terms of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

petitioner's improvement period included completion of a substance abuse treatment program, participation in random drug screening, supervised visitations with the children, and participation in parenting classes. According to the parties, petitioner was participating in the terms of her improvement period until December of 2017. At that time, the DHHR filed a motion to terminate petitioner's parental right rights due to her failure to address her substance abuse.

In April of 2018, the circuit court held a dispositional hearing and heard evidence regarding the DHHR's motion to terminate petitioner's parental rights. A DHHR worker testified that petitioner failed to comply with all requirements of her improvement period. According to the DHHR worker, petitioner entered into a detoxification program but failed to complete the program on two different occasions. Additionally, the worker testified that petitioner failed to fully comply with random drug screenings and tested positive for alcohol and cocaine in April of 2018. Finally, the worker testified that petitioner was offered three supervised visitations per week and failed to attend all the visits. Further, petitioner relied on others to meet the needs of the children during visits because she was unable to do so herself. Petitioner testified and admitted that she had not completed long-term substance abuse treatment as required. Petitioner indicated that she intended to enter a sober living home the next day. Ultimately, the circuit court found that petitioner had not completed the requirements of her improvement period. Accordingly, the circuit court terminated petitioner's parental, custodial, and guardianship rights. The circuit court memorialized its decision in its May 7, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]According to the parties, the children's respective fathers relinquished their parental, custodial, and guardianship rights below. The permanency plan for the children is adoption in their current relative foster placement.

On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights because the children were in a family placement and would remain in that placement regardless. Petitioner also asserts that she had a good bond with the children. Based on these factors, petitioner argues that the circuit court should have terminated only her custodial rights and erred in imposing a more restrictive disposition. We disagree. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . .[has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through with the recommended and appropriate treatment."

The circuit court correctly terminated petitioner's parental, custodial, and guardianship rights rather than imposing a less-restrictive dispositional alternative because there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. Petitioner stipulated to the allegations of abuse and neglect which included a substance abuse problem that negatively affected her ability to parent and prior terminations of her parental rights that were also based on a substance abuse problem. Although petitioner attempted to benefit from services, it is clear from the record that she could not solve her substance abuse problem. Even in the weeks leading up to the final dispositional hearing, petitioner continued to test positive for alcohol and cocaine. Additionally, petitioner missed supervised visitations with the children and could not provide for their needs during the visitations. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n.14, 479 S.E.2d 589, 600, n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Petitioner's failure to consistently visit with the children was indicative of her inability to correct the conditions of abuse and neglect as previously recognized by this Court. Further, it is clear that termination of petitioner's parental, custodial, and guardianship rights was necessary for the welfare of the children because she depended on others to provide for the children during visitations. Therefore, we find no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

Finally, to the extent that petitioner argues that the termination of only her custodial rights was appropriate due to the placement of the children with a relative, we have previously

held that "[w]here parental rights have been terminated pursuant to W.Va. Code § 49-6-5(a)(6) [now West Virginia Code § 49-4-604(b)(6)], and it is necessary to remove the abused and/or neglected child from his or her family, an adoptive home is the preferred permanent out-of-home placement of the child." Syl. Pt. 2, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Accordingly, in order to provide an adoptive home, the circuit court must terminate the parental rights of the abusing parents and provide permanency for the children. Therefore, we find no merit to petitioner's argument and affirm the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 7, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment